UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUE RAYMONT
EVANISH,

                Plaintiff,

v.

FLINT POLICE DEPARTMENT
and MICHIGAN STATE
POLICE,

                Defendants.

_____/

Case No. 3:22-cv-10102
District Judge Robert H. Cleland
Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT MICHIGAN STATE POLICE'S MOTION TO DISMISS (ECF No. 15) AND DEFENDANT FLINT POLICE DEPARTMENT'S AMENDED MOTION TO DISMISS (ECF No. 17)**

**I.**     **RECOMMENDATION**: The Court should **GRANT** the motion to dismiss

filed by Defendant the Michigan State Police (MSP) (ECF No. 15) and the

amended motion to dismiss filed by Defendant the Flint Police Department (Flint

PD) (ECF No. 17).

**II.**     **REPORT**

    **A.**     **Background**

        **1.**     **Factual Background**

Plaintiff, who the docket indicates is currently incarcerated at the Genesee

County Jail, filed the instant action *in pro per* against the Flint PD and MSP on

January 3, 2022, claiming violations of the Fourth Amendment and Articles I and

II of the Michigan Constitution, and requesting money damages for illegal search

and seizure in the amount of $125,000.  (ECF No. 1.)  His only factual allegations,

appearing under the "Statement of Claim" portion of the form complaint, are as

follows:

> On July 28th at 0600 hours, D/Sgt-Frost of the Flint City Police
> Department along with the Michigan State Police Emergency Services
> team made a warrantless and non-consensual entry into my home at
> 1209 Batney Ave Flint, MI 48503 via force via breaking down the
> front door to arrest me on a felony warrant, also searched and seized
> me and items from my home with out [sic] a warrant.

(ECF No. 1, PageID.5.)

> Plaintiff then filed an amended complaint on February 17, 2022, stating:
>
> The reason for the amendment complaint is merely I did not add the
> year to the date of the event.  Also the relief sought was incorrect,
> however I completed the summons and completed the U.S. Marshal
> 285 form.  Please use the Amended complaint to serve the Defendant,
> or attach it to the original or however it's done, I just want to keep the
> ball rolling.

(ECF No. 10, PageID.24.)  Indeed, Plaintiff altered the relief requested to $175,000

from each Defendant, and altered his "Statement of Claim" to read:

> On 7/28/20 at 0600 hours (Location) 1209 Batney Ave Flint, MI
> 48503, D/Sgt – Robert Frost – of the Flint. Police. Department along
> with the Michigan. State. Police Emergency Services Team made a
> non-consensual and warrantless entry into my residence via forced
> entry through the front door and illegally seized myself and items.

(ECF No. 10, PageID.22-23.)

It is not entirely clear from the docket which complaint was served upon Defendants, although the Court may assume Defendants received the original complaint, as that is the version referenced in the instant motions to dismiss. (*See* ECF No. 15, PageID.43; ECF No. 17, PageID.87.) Neither Defendant, however, has moved to strike the amended complaint.

### 2. Instant Motions

On March 30, 2022, the MSP filed a motion to dismiss Plaintiff's original complaint (*see* ECF No. 15, PageID.43) pursuant to Fed. R. Civ. P. 12(b)(1) and (6), asserting that: (1) the Eleventh Amendment bars Plaintiff's suit against it for money damages; and (2) even applying liberal pleading standards, Plaintiff's complaint fails to state a claim because it consists of "merely conclusory allegations that he was subjected to an unlawful search and seizure without any factual support or even bothering to provide a clear date regarding when this incident purportedly occurred."[1] (ECF No. 15, PageID.43-48.)

Plaintiff filed his timely (*see* ECF No. 20) response in opposition on May 23, 2022, denying that the allegations in his complaint are conclusory because he followed the instructions on the complaint form, and neither admitting nor denying that the Eleventh Amendment bars claims against the MSP (ECF No. 24,

---

[1] This is a reference to Plaintiff's failure to include the year of the incident date in his original complaint (*see* ECF No. 1, PageID.5), which Plaintiff corrected, as noted above, in his amended complaint (ECF No. 10, PageID.22).

PageID.126-127).  He does not, however, address the MSP's argument about including the year for the incident date, or argue that his amended complaint is the operative pleading.

The Flint PD filed its own motion to dismiss (ECF No. 16), which it withdrew, followed immediately by an amended motion to dismiss (ECF No. 17). In the March 31, 2022 amended motion, the Flint PD challenges Plaintiff's original complaint (*see* ECF No. 17, PageID.87) pursuant to Fed. R. Civ. P. 12(b)(6), arguing that: (1) it is not a proper party to the suit and must therefore be dismissed; and (2) "[a]lthough, this Court could consider allowing Plaintiff to correct this defect, such a remedy would also be fruitless because Plaintiff has failed to articulate any semblance of how the City of Flint violated his constitutional rights" (ECF No. 17, PageID.88-90).

Plaintiff timely filed his response in opposition on May 23, 2022, again failing to argue that his amended complaint should be considered the operative pleading and instead stating: "[The] complaint shows July 28th, I did not add the year 2020, however, this is a harmless error.  Additionally, Defendant failed to rais[e] this issue."  (ECF No. 25, PageID.131.)  Further, Plaintiff neither admitted nor denied that the City of Flint is the real party of interest, but asserted that: the "complaint will show that I did name D/Sgt-Frost of the Flint Police Department as the Defendant in relationship to the Police Department" and "a city does not

conduct a search and seizure, the Police Department does via there [sic] officers,

however, the City of Flint may be liable for there [sic] sub-unit/Police Departments

actions BUT the complaint specifies 'show how the Department was involved and

what the defendant did.  A Police Department is not the building it self [sic], the

Department is the faculty or entirety of officers which conducted the illegal search

and seizur[e]."  (ECF No. 25, PageID.131-132.)

### B.    Standards

#### 1.    Fed. R. Civ. P. 12(b)(1)

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the

plaintiff has the burden of proving jurisdiction in order to survive the motion."

*Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).  In reviewing a

motion under Rule 12(b)(1), the "court may consider evidence outside the

pleadings to resolve factual disputes concerning jurisdiction, and both parties are

free to supplement the record by affidavits."  *Nichols v. Muskingum Coll.*, 318 F.3d

674, 677 (6th Cir. 2003).  When faced with a challenge to subject matter

jurisdiction, "a court must address that issue before all others."  *Cain v. Redbox*

*Automated Retail, LLC*, 981 F.Supp.2d 674, 681 (E.D. Mich. 2013) (collecting

cases).

Motions under Rule 12(b)(1) fall into two categories: "facial attacks and

factual attacks."  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A

5

facial attack challenges "the sufficiency of the pleading itself," and the "court must

take the material allegations of the petition as true and construed in the light most

favorable to the nonmoving party." *Id*. A factual attack does not challenge the

sufficiency of the allegations, but is a "challenge to the factual existence of subject

matter jurisdiction," to which "no presumptive truthfulness applies to the factual

allegations, and the court is free to weigh the evidence and satisfy itself as to the

existence of its power to hear a case." *Id*. (internal citation omitted).

### 2.      Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Rule 12(b)(6), the courts must

"construe the complaint in the light most favorable to the plaintiff and accept all

allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Bell Atl.

Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim

need not contain "detailed factual allegations," but it must contain more than

"labels and conclusions" or a "formulaic recitation of the elements of a cause of

action"). Facial plausibility is established "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an

inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).  To make this determination, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Moreover, "courts may not rewrite a complaint to include claims that were never presented, nor may courts construct the plaintiff's legal arguments for him.  Neither may the Court 'conjure up unpled allegations.'" *Rogers v. Detroit Police Dep't*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.) (internal citations omitted).[2]

---

[2] *See also Evans v. Mercedes Benz Fin. Servs.*, LLC, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's

## C.   Discussion

### 1.   The operative pleading

Fed. R. Civ. P. 15(a)(1) states:

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff filed his original complaint on January 3, 2022 (ECF No. 1), and his amended complaint on February 17, 2022 (ECF No. 10), but service was not completed until March 2022 (ECF No. 13).  Some courts in the Sixth Circuit have held that leave to amend is required under such circumstances, *Dishner v. Cassidy*, No. 2:21-CV-00168, 2022 WL 634721, at *2 (E.D. Tenn. Mar. 3, 2022), but I think the accurate approach is that taken by this Court, which is to allow a first amendment as a matter of course when an original complaint has not yet been served, *Ryan v. G. Robert Cotton Corr. Facility*, No. 2:19-cv-12286, 2021 WL 1087765, at *2 (E.D. Mich. Mar. 22, 2021); *Frazier v. Colthfelt*, No. 19-10389,

---

failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

2020 WL 914323, at *3 (E.D. Mich. Feb. 7, 2020), *report and recommendation*

*adopted*, 2020 WL 905746 (E.D. Mich. Feb. 25, 2020) ("Plaintiff filed his

amended complaint before the original was served on any party, and no responsive

pleadings or motions have been filed. Without more, his amendment would be

timely under FRCP 15(a)(1)."). Thus, Plaintiff's amended complaint (ECF No. 10)

may be the operative pleading, rather than the original complaint Defendants have

seemingly moved to dismiss and Plaintiff has fought to maintain.

Regardless, my recommendation would be the same had Defendants moved

for dismissal of the amended as opposed to original complaint, because the

amended complaint fails to cure any of the defects raised in Defendants' motion.

### 2.     The MSP

The MSP asserts that it is immune from suit under the Eleventh Amendment

and therefore entitled to dismissal under Rule 12(b)(1). (ECF No. 15, PageID.43-

46.) For the reasons that follow, I agree.

The Eleventh Amendment bars suit against a state by citizens of that state

unless the state waives sovereign immunity or consents to suit. U.S. Const. amend.

XI; *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); "In

addition to states themselves, the Eleventh Amendment immunizes departments

and agencies of the states." *Dubuc v. Mich. Bd. of Law Examiners*, 342 F.3d 610,

615 (6th Cir. 2003) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S.

89, 100 (1984)).  As the MSP is an agency of the State, and the State has not

consented to civil rights actions in federal court, *see Abick v. Michigan*, 803 F.2d

874, 877 (6th Cir. 1986), the Eleventh Amendment bars Plaintiff's claim against

the MSP and the Court should dismiss the MSP from this lawsuit for lack of

subject matter jurisdiction.  *See Visner v. Mich. State Police*, No. 19-11466, 2020

WL 525367, at *2 (E.D. Mich. Feb. 3, 2020); *Halabo v. Michael*, No. 21-12528,

2022 WL 982353, at *2 (E.D. Mich. Mar. 30, 2022); *see also Russell v.*

*Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) ("The sovereign

immunity guaranteed by [the Eleventh] Amendment deprives federal courts of

subject-matter jurisdiction when a citizen sues his own State unless the State

waives its immunity or Congress abrogates that sovereign immunity.").

### 3.    The Flint PD

The Court should also dismiss Plaintiff's claims against the Flint PD, for the

reasons that follow.

As the Flint PD asserts (ECF No. 17, PageID.87-90), it is an agency of the

City of Flint and therefore not a proper defendant in a § 1983 action.  *See, e.g.,*

*Haverstick Enterprises, Inc. v. Fin. Federal Credit, Inc.*, 803 F.Supp. 1251, 1256

(E.D. Mich. 1992) ("This case must be dismissed against the City of Romulus

Police Department because the police department is not a legal entity against

whom a suit can be directed.  Thus, Defendants' motion to dismiss this suit against

the City of Romulus Police Department is granted.") (internal citations omitted);

*Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) ("[T]he district court

was correct in ruling that under Michigan law, Van Buren Township Police

Department is subsumed within Van Buren Township as a municipal entity to be

sued under § 1983, and thus the Police Department was improperly included as a

separate defendant in Boykin's suit.").  And the Court should decline to substitute

the City of Flint as the proper defendant, because Plaintiff fails to state a claim for

municipal liability.  "In order to state a claim against a municipality under section

1983, a plaintiff must show that the municipality itself, through custom or policy,

caused the alleged constitutional violation." *Haverstick Enterprises, Inc.*, 803

F.Supp. at 1256 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  *See*

*also Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) ("This

circuit has stated that to satisfy the *Monell* requirements a plaintiff must identify

the policy, connect the policy to the city itself and show that the particular injury

was incurred because of the execution of that policy." (quotation marks and

citation omitted).  In other words, "[i]n an action alleging municipal liability, the

plaintiff must plead the facts upon which he bases his claim; mere conclusory

allegations are insufficient." *Haverstick Enterprises, Inc.*, 803 F.Supp. at 1256.

Plaintiff failed to do so here in either his original or amended complaint.  As

provided above, Plaintiff states only that Defendants made a warrantless entry into

11

his home in violation of his Fourth Amendment right to be free from illegal search and seizure (ECF No. 1, PageID.5; ECF No. 10, PageID.22), with no identification or discussion of any municipal policy or custom giving rise to the alleged constitutional violation.

### 4.    D/Sgt-Frost

Additionally, the Court ought not construe either version of Plaintiff's complaint as including D/Sgt-Frost as a named Defendant to the lawsuit.  Both Plaintiff's original and amended complaints name only the MSP and Flint PD as Defendants in the caption and in the portion of the form complaint reserved for listing parties (ECF No. 1, PageID.1-2; ECF No. 10, PageID.18-19), mentioning D/Sgt-Frost only in his "Statement of Claim" (ECF No. 1, PageID.5; ECF No. 10, PageID.22), and specifically requesting *relief* from only the MSP and the Flint PD – in specified amounts – in his amended complaint (ECF No. 10, PageID.23). Thus, the amended complaint is even more explicit in identifying only these two entities as parties.  Moreover, in attributing D/Sgt-Frost's alleged warrantless entry to the City of Flint Police Department, naming and only claiming relief from the latter, Plaintiff is merely pleading a *respondeat superior* theory, not individual liability.  However, "§ 1983 liability must be based on more than respondeat superior, or the right to control employees." *Shehee v. Luttrell*, 199 F.3d 295, 300

(6th Cir. 1999) (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.1982)).[3]

Although pleadings filed by *pro se* plaintiffs should be liberally construed, *Haines*, 404 U.S. at 520, *pro se* plaintiffs are still required to follow basic pleading requirements, including Fed. R. Civ. P. 10(a), which states that "[t]he title of the complaint must name all the parties[.]"  And Plaintiff is the "master of his complaint."  *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005).  While some courts have determined that failure to comply with Fed. R. Civ. P. 10(a) is not fatal, and an individual not named in a caption, but discussed in the body of the complaint, may be considered a party, *see Burley v. Quiroga*, No. 16-cv-10712, 2019 WL 4316499, at *19-21 (E.D. Mich. June 6, 2019), *report and recommendation adopted* 2019 WL 3334810 (E.D. Mich. July 25, 2019), such a determination is fact-specific and the circumstances here are distinguishable.  In *Burley*, Judge Morris reasoned that the plaintiff did enough to name an individual defendant in the original complaint, in part by naming that individual in a section listing defendants, and that Plaintiff's amended complaint, filed shortly after service of the defendants, more explicitly indicated an intention to sue the individual, bringing "the problem [of service] to the Court's attention in a

---

[3] In both pleadings, Plaintiff likewise pins the MSP's liability on the actions/inactions of the MSP's "Emergency Services Team," which is also not named, again demonstrating a theory of *respondeat superior*.

relatively prompt manner." *Burley*, 2019 WL 4316499, at \*19-20.  Here, Plaintiff

did not name D/Sgt-Frost in a list of defendants in either complaint, and in fact,

changed the relief requested in his amended complaint to a specific amount from

the two named Defendants – the MSP and the Flint PD – but notably *not* D/Sgt-

Frost.  (ECF No. 10, PageID.23.)  Further, Plaintiff completed service documents

for the MSP and the Flint PD only, but not for D/Sgt-Frost (*see* ECF Nos. 8, 11),

and made no additional effort to serve D/Sgt-Frost in accordance with Fed. R. Civ.

P. 4.  Additionally, he states in his response brief that the "complaint will show

that I did name D/Sgt-Frost of the Flint Police Department as the Defendant in

relationship to the Police Department," and that "do [sic] to the fact that the

Defendants allegations are false and U.S. Dist. Court has less stringent standard[s]

for pro se plaintiffs will allow correction to procedural defects if needed and or

amend the complaint if the party of int[e]rest is wrong, I respectfully request the

court to deny the motion[.]" (ECF No. 25, PageID.131, 133.)  But he does not

actually properly request leave to amend his complaint, or sufficiently argue that

the Court should construe his original complaint (or amended complaint for that

matter) to have included D/Sgt-Frost as a Defendant.  *See Yandal v. United States*,

No. 6:15-CV-102, 2016 WL 11432397, \*5-6 (E.D. Ky Mar. 21, 2016), *report and*

*recommendation adopted* 2016 WL 4769735 (E.D. Ky Sept. 13, 2016) (citing

14

*Bakari v. May*, No. 3:10-cv-250, 2011 WL 1743728, *1 n.1 (S.D. Ohio May 6,

2011)).  In *Yandal*, 2016 WL 11432397, at *6, the court stated:

> It is clear that Robinson and Carroll are not parties named in the
> caption of either Plaintiff's complaint (D.E. 1) or amended complaint
> (D.E. 20).  Therefore, Plaintiff has failed to comply with Rule 10.
> Moreover, Plaintiff has failed to comply with the requirements of
> Federal Rule of Civil Procedure 4.  Rule 4 requires that a summons be
> served on named defendants within 90 days after the complaint is
> filed.  *See* Fed. R. Civ. P. 4.  The District Court ordered that only the
> United States be served by the United States Marshals pursuant to
> Rule 4.  *See* D.E. 6; Fed. R. Civ. P. 4(c)(3).  Plaintiff was aware that
> neither Robinson nor Carroll was served pursuant to the court's order,
> yet he has made no attempt to effect or request service upon them.  If
> Defendant meant, from the outset of the case for Robinson or Carroll
> to be named Defendants, he should have attempted to either effectuate
> service himself or request the court to do so on his behalf.

### D.    Conclusion

The Court should **GRANT** the motion to dismiss filed by Defendant the

Michigan State Police (MSP) (ECF No. 15) and the amended motion to dismiss

filed by Defendant the Flint Police Department (Flint PD) (ECF No. 17).

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  November 2, 2022

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE